IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSILIE SMITH | * | |
|     Plaintiff, | * | |
| vs. | * | Civil Action No. AMD 02 CV 3528 |
| MARYLAND TURF CATERING, INC. | * | |
| | * | |
|     Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S PARTIAL OPPOSITION TO MOTION TO EXTEND THE DISCOVERY SCHEDULE

Defendant Maryland Turf Caterers, Inc., through its undersigned counsel, hereby responds in partial opposition to the Letter Motion submitted to the Court in this matter by counsel for the Plaintiff, on or about April 15, 2003. For the reasons that follow, Defendant respectfully submits that the discovery period should be extended solely to permit Defendant to receive the discovery to which it was entitled, but that it should not be extended for any other purpose. In support of its partial opposition, Defendant's counsel offers the following, which he represents to the Court to be true and accurate in every respect:

1. This matter was initiated in late October 2002, through Plaintiff's filing of a Complaint, pro se, against the corporate defendant and certain individual managers.

2. Following service of the Complaint and filing of a motion to dismiss by the Defendant, the Court scheduled a conference before it on January 3, 2003, at which time the parties appeared, Plaintiff's request for appointment of counsel was denied, and she was admonished to search expeditiously for counsel.

3. On January 3, 2003, the Court issued a Scheduling Order, requiring completion of discovery by May 1, 2003, and dispositive motions by June 1, 2003.

4. Defendant did not initiate discovery immediately, for the purpose of permitting Plaintiff an opportunity to locate counsel. Counsel provided as much time to Plaintiff as was feasible, consistent with compliance with the Court's Order. In the period of the third week of March, Defendant's counsel was contacted by Mr. Ramsey, who informed him that he was attempting to assist the Plaintiff. Mr. Ramsey had not then entered an appearance.

5. On March 26, 2003, Defendant's counsel wrote to Plaintiff, suggesting possible deposition dates of April 28, 29 or 30, in light of the Court's Scheduling Order, and enclosing a Request for Production of Documents. A courtesy copy of the letter was sent to Mr. Ramsey, who had not yet determined whether he would enter an appearance.

6. On or about April 15, 2003, Defendant's counsel prepared and sent to Plaintiff, through her counsel, a notice of deposition, setting her deposition, pursuant to her earlier-discussed request, for April 29, at 12:30 p.m., at a conference room location in Baltimore City (rather than in counsel's Columbia, Maryland office).

7. On or about April 15, 2003, Mr. Ramsey served on Defendant's counsel a set of extensive document requests and interrogatories.

8. Shortly before April 29, 2003, the undersigned was contacted by Mr. Ramsey's office, which requested that the starting time of the deposition of Plaintiff be moved back from 12:30 p.m. to 1:00 p.m. Counsel agreed to the 1:00 p.m. starting time.

9. On April 29, 2003, the undersigned counsel and a court reporter from Gore Brothers, Inc., reporting service, were awaiting the arrival of Plaintiff and Mr. Ramsey.

Shortly after 1:00 p.m., Mr. Ramsey's office kindly contacted the undersigned to say that he was very near the conference room and would be arriving shortly, and counsel commented to the caller that he had not yet seen the Plaintiff, Ms. Smith. The caller said that she would check on that issue. Around 1:15 p.m., Mr. Ramsey's office called the undersigned's cell phone to say that Plaintiff was not coming to the deposition because she had no transportation.

10. Upon returning to his office on the afternoon of April 29, 2003, the undersigned retrieved a voicemail message from the Plaintiff, indicating that she had not been at the deposition because she had assumed that it was called off, because Mr. Ramsey had entered his appearance. She further commented that she had called the undersigned's office in the middle of the month to discuss this matter, but that counsel had not returned the call.

11. The Plaintiff had, indeed, contacted the undersigned in the middle of the month, after Mr. Ramsey had entered his appearance, and she had left a voicemail message asking the undersigned to call. Not wanting to skip counsel, the undersigned had contacted Mr. Ramsey's office and spoken with his assistant. Counsel asked that she explain to Ms. Smith that it would be improper for defense counsel to speak directly with her, and that the undersigned meant no disrespect by not returning her call. The assistant said that she understood and would take care of the issue.

12. Defendant does not believe that it is fair or appropriate for the Court to reward the Plaintiff's failure to act expeditiously and her failure to permit Defendant timely access to the information available through her deposition. Defendant had intended to meet the Court's Scheduling Order, and to file a motion for summary

judgment, based on its own facts, and information obtained from Plaintiff through deposition. Because of Plaintiff's failure to attend the deposition, Defendant is now faced with the choice of moving forward on its own evidence, or agreeing to extend the discovery period -- with the attendant result that it will provide Plaintiff with an argument that Defendant should be required to reply to her out-of-time discovery.

13. With all respect to Mr. Ramsey, who is attempting to assist the Plaintiff, there is no basis for permitting this case to become more of an expense and burden to the Defendant than it has been. Defendant respectfully contends that, an appropriate result here would be to extend the discovery period, for the limited purpose of permitting Defendant to complete the deposition of Plaintiff and to receive her document responses, and thereby effectively to relieve the Defendant of the obligation to respond to Plaintiff's discovery. Assuming that Plaintiff's deposition is taken within the next two weeks, Defendant will otherwise meet the existing motions date of June 1, 2003.

WHEREFORE, Defendant respectfully asks that the Plaintiff's motion be denied, and that the discovery period be extend for the limited purposes discussed herein.

HAHN KYLE & HOLLRAH, LLP

By: _____
John W. Kyle
10440 Little Patuxent Parkway
Suite 300
Columbia, Maryland 21044
(410) 740-5689