IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT MARYLAND

ROSALEE SMITH

    Plaintiff,

Vs.                                            Case No. AMD 02-CV-3528

MARYLAND TURF CATERERS, INC.,

    Defendant,

**PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER AND ANSWER TO DEFENDANT'S MOTION IN OPPOSITION TO LETTER MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

    Plaintiff, through her undersigned counsel moves this court to revise the scheduling order in this case, and, states as follows:

    1.    Plaintiff filed this case pro se.

    2.    Plaintiff's counsel entered his appearance after the court had issued a scheduling order, and, most of the time deadlines had expired or was close to expiring at that time.

    3.    Plaintiff's new counsel immediately served Interrogatories and a Request to Produce Documents, and, the answers are not due until after the expiration of the discovery deadline.

    4.    Plaintiff desires to take at least three (3) depositions

5. Plaintiff respectfully submits that the discovery she seeks is necessary for her prosecution of this case.

6. Cases brought pursuant to Title 7 of the 1964 Civil Rights Act, and, other civil rights statutes relied upon by Plaintiff are equitable causes of action. The court should therefore do equity in making its determination as to whether not the time should be extended for completing discovery by the plaintiff and the naming of expert witnesses.

7. Defendant contains that it should not be put through additional expense in defending this cause of action. It appears to date; the defendant has incurred no discovery cost. It has taken no depositions, served no written discovery and, it has not been required to respond to written discovery.

8. Plaintiff's Interrogatories and Request for Production Documents should be allowed in that the plaintiff is entitled to seek evidence that may support her cause of action.

9. By appearing pro se in this cause of action, plaintiff was without knowledge of how to file written discovery nor did she have knowledge of how or whose depositions should be taken.

10. Plaintiff believes that her cause of action has merit, and,

she is prepared to present witnesses to testify on her behalf concerning the disparate treatment that he received at the hands of the defendant.

11.  She should be allowed complete discovery in this equitable cause of action and allowed to name expert witnesses if necessary after the issue of summary judgment has been decided in order to avoid expenses for the same if they prove not to be necessary.

WHEREFORE, Plaintiff moves this court to extend time to complete discovery and allowed the parties name expert witnesses if necessary after the issue of summary judgment has been decided in order to avoid expenses for the same if they prove not to be necessary.

Respectfully submitted

_____
Norris C. Ramsey
2122 Maryland Avenue
Baltimore, Maryland 21218
14 -- 752 -- 1646
Trial bar 01453

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of May 2003, I served by e-

3

mailed transmission a copy of the plaintiff's response to defendant's opposition to motion to extend time by plaintiff to engage in discovery filed with this court on counsel for the Defendant, whose name and e-mailed address appears below.

_____
Norris C Ramsey