IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSILIE SMITH | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. AMD 02 CV 3528 |
| MARYLAND TURF CATERING, INC. | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER

Defendant Maryland Turf Caterers, Inc., through its undersigned counsel, hereby responds to the document entitled "Plaintiff's Motion to Extend Scheduling Order and Answer to Defendant's Motion (sic) In Opposition To Letter Motion To Extend Time To Complete Discovery", believed to have been submitted to the Court in this matter by counsel for the Plaintiff, on or about May 9, 2003[1].

For the following reasons, Defendant opposes the requested extension:

1. The Court's Scheduling Order in this matter directed as follows with respect to completion of written discovery and requests for change in scheduling (Order, ¶ I; IV; underscoring in original, footnote omitted):

> " All depositions and other discovery shall be completed by <u>MAY 1, 2003</u>. Interrogatories (a series of written questions to be answered in writing under oath) and requests for production of documents must be served on the opposing party sufficiently early to insure that they are answered prior to this discovery deadline."

---

[1] Defendant's counsel received a telefaxed copy of the subject document on May 9, 2003, and assumes that it was filed with the court, although no e-mail notification of same was received by the undersigned from the court.

"No changes in the schedule set forth herein will be
permitted, unless authorized by the Court for good cause shown"

2. Despite having many months to do so, Plaintiff served no timely interrogatories or document requests. Plaintiff has now suggested (Motion, ¶ 9) that she was "without knowledge of how to file written discovery nor did she have knowledge of how or whose depositions should be taken". But, even if true, this is not something that would be "good cause shown" under the Court's Order, as Plaintiff's situation was identical on January 3, 2003, the date that the Court issued its Order, understanding that Plaintiff was proceeding pro se.

3. Despite Defendant's service of a Request for Production of Documents on Plaintiff, by mail, on March 26, 2003 (Attachment 1), Plaintiff's Motion erroneously states (Motion, ¶ 7) that Defendant "has served no written discovery"[2].

4. Despite Defendant's service of a Notice of Deposition and cover letter to Plaintiff's counsel on April 15, 2003 (Attachment 2), **which deposition Plaintiff failed to attend**, Plaintiff's Motion erroneously states (Motion, ¶ 7) that "Defendant has incurred no discovery costs". [3]

5. Plaintiff's counsel has now suggested that Plaintiff wishes to "take at least three depositions" (Motion, ¶ 4), and name a post-motions expert (Motion, ¶ 11).

---

[2] When reminded of Defendant's outstanding document request, counsel for Plaintiff sent a stack of undifferentiated documents to the undersigned on May 9, 2003, saying that they were "all documents in his possession concerning the [instant] matter", and that he would check further with Plaintiff..

[3] Defendant incurred both attorney's fees and expenses for counsel's preparation for the deposition and appearance in Baltimore City (a location chosen for the convenience of Plaintiff). In addition, the undersigned was billed $150 for the court reporter's appearance fee, which counsel for Plaintiff has agreed to see is paid.

6. It is unreasonable for Plaintiff to wait until the end of the discovery period to serve discovery out of time, to fail to appear for her scheduled deposition, and then to ask the Court to permit an extension, in circumstances in which Defendant is effectively forced either to forego Plaintiff's deposition or to reschedule the deposition to a time when Plaintiff's further discovery might also be permitted. There is no "good cause" shown in any of what Plaintiff has had to say in her motions.

7. The court has the discretion to deny the relief sought by the Plaintiff here or to condition it, as appropriate, in light of the discovery limits in the scheduling order. Mutual Federal Savings & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). That is particularly the case where the Plaintiff herself, and not her lawyer, is responsible for the delays and failures at issue. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Co., 843 F.2d 808 (4th Cir. 1988).

8. Defendant asks that the Court refuse to permit Plaintiff to turn this patently frivolous age discrimination case into more of a burden that it has already been to the Defendant. Plaintiff's motion should be denied, she should be required to participate in a rescheduled deposition within the next twenty (20) days, and the summary judgment deadline should be extended for one month, to July 1, 2003, to permit Defendant to file a dispositive motion, which it is confident will be granted by the Court.

WHEREFORE, Defendant respectfully asks that the Plaintiff's motion be denied, and that the discovery period be extend for the limited purposes discussed herein.

                                        HAHN KYLE & HOLLRAH, LLP

By: _____
John W. Kyle
10440 Little Patuxent Parkway
Suite 300
Columbia, Maryland 21044
(410) 740-5689

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of May 2003, I served by e-mail transmission, a copy of the foregoing opposition, on counsel for the Plaintiff, whose name and e-mail address appears below:

norriscramsey@hotmail.com

_____/s/_____
John W. Kyle

ATTACHMENT 1

March 26, 2003

Ms. Rosilie Smith
1635 Ralworth Road
Baltimore, Maryland 21218

    Re:    Smith v. Maryland Turf Catering, Inc.
              Civil Action No. AMD 02-CV-3528

Dear Ms. Smith:

    Enclosed, please find a copy of Defendant's Request for Production of Documents in your lawsuit against Maryland Turf Caterers, Inc.

    Mr. Ramsey has not yet entered an appearance on your behalf, but I have served him with a courtesy copy of this letter and the Request, in the event that he does so. In the meantime, I wanted to discuss possible dates for taking your deposition. What I am thinking about now, is taking your deposition on April 28, 29 or 30, whichever is most convenient for you. I hope to have your documents to review, before that time.

    I will follow up with Mr. Ramsey in the near future. Because the Court has set a discovery deadline of May 1, 2003, we don't have too much time left for this purpose, so I thought that it was best to get moving.

    Thank you for your attention to this matter.

                                    Very truly yours,

                                    JOHN W. KYLE

cc: C. Norris Ramsey, Esquire

Attachment 1         IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

ROSALIE SMITH                    *

    Plaintiff,               *

  vs.                            *       Civil Action No. AMD 02 CV 3528

MARYLAND TURF CATERING,          *
INC.
                                 *
    Defendant.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS BY PLAINTIFF

Defendant Maryland Turf Catering, Inc., through its undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiff Rosalie Smith produce the following documents to Defendant, on or before April 28, 2003. Production should take place at the Columbia, Maryland office of Hahn Kyle & Hollrah, LLP, 10440 Little Patuxent Parkway, Suite 300, Columbia, Maryland 21044.

### DOCUMENTS REQUESTED

DOCUMENT REQUEST NO. 1

All documents that confirm or relate to any vacation or leave of absence taken by you in the months of June or July 2002.

DOCUMENT REQUEST NO. 2

All documents that relate to the Union grievance filed by you on or about July 23, 2002.

DOCUMENT REQUEST NO. 3

All documents that support, or relate to, your claim that you were discharged by the Defendant in July 2002, because of your age.

DOCUMENT REQUEST NO. 4

All documents that support, or relate to, your claim that you were falsely accused of having had shortages in stock or cash register receipts in the period leading up to your discharge from employment.

DOCUMENT REQUEST NO. 5

Copies of any charges, claims or lawsuits filed by you against H.E.R.E., Local 7, as a result of the Union's alleged action or inaction in connection with your discharge from employment by Defendant.

DOCUMENT REQUEST NO. 6

Any statements that have been provided to you by any individual whom you contend to be a witness to relevant events, or who possesses information that you believe may be relevant to the claims or defenses in this case.

DOCUMENT REQUEST NO. 7

Any document that supports or relates to the damages, or the calculation of damages, claimed by you in this case.

DOCUMENT REQUEST NO. 8

All documents that confirm, support or relate to your efforts at finding other employment, or other sources of income, after your termination by Defendant in July 2002.

DOCUMENT REQUEST NO. 9

All wage statements or other documents that confirm, support or relate to the income that you have received, following your termination by Defendant in July 2002.

DOCUMENT REQUEST NO. 10

Any document, not requested above, that you believe to support or to relate to your claim that Defendant discriminated against you on the basis of age by terminating your employment in July 2002.

                                                                           _____
John W. Kyle
HAHN KYLE & HOLLRAH, LLP
10440 Little Patuxent Parkway
Suite 300
Columbia, Maryland 21044
(410) 740-5689
Bar No. 02832

<u>Certificate of Service</u>

   This is to certify that on this 26th day of March 2003, I served by first-class, United States mail, a copy of the foregoing Request for Production of Documents on Plaintiff, whose name and address appear below:

Ms Rosilie Smith
1635 Ralworth Road
Baltimore, Maryland  21218

                 _____/s/_____
                 John W. Kyle

<u>ATTACHMENT 2</u>

April 15, 2003

Norris C. Ramsey, Esquire
2122 Maryland Avenue
Baltimore, Maryland 21218-5612

    Re:   <u>Smith v. Maryland Turf Catering, Inc.</u>
            Civil Action No. AMD 02 CV 3528

Dear Mr. Ramsey:

    Enclosed please find a Notice of Deposition in the above-referenced case, confirming the agreed deposition date for Ms. Smith's deposition. As I had agreed with Ms. Smith, before your entry of an appearance on her behalf, I have made arrangements for her deposition to be taken on 12:30 p.m., on April 29th, in a conference room in Baltimore city. The location and time were chosen by Ms. Smith, as the more convenient of the possible dates, given that we are nearing the end of the discovery period established by the Court.

    Thank you for your attention to this matter. I look forward to meeting you on April 29th.

                                             Very truly yours,

                                             JOHN W. KYLE

cc: Mr. Brian Handleman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSILIE SMITH | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. AMD 02 CV 3528 |
| MARYLAND TURF CATERING, INC. | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that the Defendant Maryland Turf Catering, Inc., through its undersigned counsel, will take the deposition on oral examination, for the purpose of discovery, or for use as evidence at trial, or both, of the following named person, before a Notary Public or other officer authorized by law to administer an oath and record testimony.

**NAME:** Ms. Rosilie Smith

**ADDRESS:** c/o C. Norris Ramsey, Esquire
2122 Maryland Avenue
Baltimore, Maryland 21218-5612

**DATE:** April 29, 2003

**TIME:** 12:30 p.m.

**LOCATION:** Hahn Kyle & Hollrah, LLP
c/o Business Suites
Suite 2700
111 South Calvert Street
Baltimore, Maryland 21401
410 385-5200

                                HAHN KYLE & HOLLRAH, LLP

By: _____
     John W. Kyle
     10440 Little Patuxent Parkway
     Suite 300
     Columbia, Maryland 21044
     (410) 740-5689